UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNETTE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-2626-RWS |
| | ) |
| DAVID J. SHULKIN, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon plaintiff Lynette Wilson's motion for the appointment of counsel. The motion will be denied without prejudice.

The appointment of counsel for an indigent plaintiff in a civil case lies within the discretion of the Court. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006). Once the plaintiff alleges a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005)). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In some instances, a court may deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. *See id*. For example, discovery may not have begun, so there is no conflicting testimony. There may be no indication in the record that the plaintiff is unable to investigate or present her case where she correctly identifies the legal standard governing her claims. Finally, the Court may consider whether the plaintiff's claims involve information that is readily available to her.

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, plaintiff appears able to clearly present and investigate her claims, and her claims involve information that is readily available to her. Further, the request for counsel is premature, as the defendant has not yet been served, and no case management order has been entered. The Court concludes it would not be aided at this time by the appointment of counsel, and will deny plaintiff's motion without prejudice. If appropriate at a later stage of this litigation, plaintiff may file a motion to appoint counsel that addresses the foregoing factors.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lynette Wilson's motion to appoint counsel (Docket No. 2) is **DENIED** without prejudice.

Dated this 3rd day of November, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE