UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LYNETTE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-2626-RWS |
| | ) |
| DAVID J. SHULKIN, M.D., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Lynette Wilson's Motion for Leave to Proceed In Forma Pauperis. (Docket No. 3). Upon consideration of the motion and the financial affidavit submitted in support, the Court finds that plaintiff is unable to pay the filing fee. The Court will therefore grant plaintiff leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a

*pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff, a former employee of the Veteran's Administration Regional Office in St. Louis, Missouri, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. Plaintiff also states that she is bringing claims pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*., the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*., and the Rehabilitation Act of 1973 ("RA"), 29 U.S.C. §§ 701, *et seq*. Plaintiff claims that she was fired, not promoted, harassed, retaliated against, and treated differently from other employees, and that her employer failed to accommodate her disability. Plaintiff's allegations in support of her claim are somewhat disorganized, but in essence, she alleges that she suffered harassment and retaliation for filing EEOC claims, and discrimination on the basis of her disability. Her allegations are as follows.

In 2010, a supervisor harassed plaintiff about her job performance, and plaintiff was demoted in terms of position and salary. She filed an EEOC claim, and was harassed in retaliation. In 2014, plaintiff contracted a disease called necrotizing fasciitis, and was hospitalized for six months. Plaintiff's doctor recommended she use a chair for her leg. A supervisor continued to harass her, causing her injury to worsen. She reported the harassment

and investigations ensued, but resulted in plaintiff being suspended for 30 days without pay. Plaintiff returned to work after completing the suspension. Shortly thereafter, plaintiff attended a "Merit System Protection Trial," and an assistant director told her there was no longer a position for her. (Docket No. 1 at 7). After her employment ended, plaintiff sought and began receiving social security disability benefits. Plaintiff alleges she "was basically forced out of [her] job." *Id.*

**Discussion**

In addition to her Title VII, RA, and ADEA claims, plaintiff brings claims under the ADA. However, plaintiff, as a former federal employee, cannot bring a claim against a federal employer under the ADA. 42 U.S.C. § 12111(5)(B)(i) (defining employers covered by ADA, but excluding United States or corporations wholly owned by United States government); *see also Mannie v. Potter*, 394 F.3d 977, 982 (7th Cir. 2005) (federal employee had no remedy for employment discrimination under ADA; the RA is "the sole remedy for federal employees claiming disability discrimination"); *Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 19 (1st Cir. 2004) (The RA applies to federal agencies while the ADA applies to private employers with over 15 employees and to state and local governments). Plaintiff's ADA claims therefore fail to state a claim upon which relief can be granted, and must be dismissed. However, the elimination of the ADA claims does not affect the legal analysis, or the scope of remedy available to plaintiff. *See Calero-Cerezo*, 355 F.3d at 19.

The Court will also dismiss defendant Keys from this action. In her complaint, plaintiff identifies Keys as an attorney within the Department of Veterans Affairs. However, the only proper defendant under Title VII, the RA, and the ADEA is the head of the plaintiff's employing agency. *See Johnson v. U.S. Postal Service*, 861 F.2d 1475, 1477-78 (10th Cir. 1988) (RA); *Ellis*

*v. U.S. Postal Service*, 784 F.2d 835, 837-88 (7th Cir. 1986) (Title VII and ADEA); *Romain v. Shear*, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA). Because Keys cannot be held liable under Title VII, the RA or the ADEA, he will be dismissed from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Lynette Wilson's Motion for Leave to Proceed In Forma Pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims filed pursuant to the ADA are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant Jeff Keys, Esq., is **DISMISSED** from this action.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk is directed to issue process or cause process to issue upon the complaint as to David J. Shulkin, M.D., United States Secretary of Veterans Affairs.

An order of partial dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of November, 2017.

                                                                              /s/ Rodney W. Sippel
                                                                              RODNEY W. SIPPEL
                                                                              UNITED STATES DISTRICT JUDGE