UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LYNETTE WILSON,                    )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      Case No. 4:17 CV 2626 RWS
                                   )
ROBERT WILKE,[1] Secretary,        )
Department of Veterans Affairs,    )
                                   )
            Defendant.             )

## MEMORANDUM AND ORDER

Plaintiff Lynette Wilson is a former employee of the Department of Veterans

Affairs.  Wilson alleges in her complaint that she was subjected to race, age, and

disability discrimination; retaliation; and a hostile work environment.  Defendant

Robert Wilkie, Secretary for the Department of Veterans Affairs (the "VA") has

moved for summary judgment.  Because of the unique posture of this matter, I will

deny the motion for summary judgment without prejudice and allow the parties to

engage in some limited discovery.[2]

Wilson filed her complaint pro se.  I appointed Wilson limited scope counsel

solely for the purpose of assisting her in the mediation of her lawsuit.  The parties

[1] Robert Wilkie became the Secretary of the United States Department of Veterans Affairs on July 30, 3018 and should be substituted for previously-named defendant Peter O'Rourke.
[2] It appears from the briefing of the summary judgment motion in this matter, and from Wilson's opposition brief in particular, that Wilson is abandoning her claims for race, age, and disability discrimination and is proceeding solely on her retaliation and hostile work environment claims based on her EEO activity.  If that is the case, Wilson should plainly state her position so the VA and I will understand the scope of her ongoing claims.

were not able to settle the case.  Wilson's limited appointed counsel' duties concluded at the close of mediation.

Subsequently, the VA filed a motion for summary judgment.  In response, new counsel entered the case for Wilson and filed an opposition brief on her behalf.  Wilson attached an affidavit to her opposition brief which included additional information which had not been previously disclose or subject to the VA's ability to test it.

In its reply brief the VA argued that Wilson's affidavit should be excluded from the record as a sanction for Wilson's failure to appear at her deposition and to the extent that it included information she had not raised at her EEO hearing.  A review of the record indicates that Wilson, proceeding pro se, did not appear at her deposition.  However, the VA indicated in an email to Wilson's limited scope counsel that Wilson's deposition may be reattempted if the mediation did not resolve the case.  But Wilson's limited scope counsel did not have any authority to speak on Wilson's behalf regarding the deposition.  It is unclear from the record whether Wilson was under the misconception that her limited scope counsel would represent her at a deposition.  As a result, the case is at a point where Wilson's deposition was never taken and the parties are disputing what weight to give Wilson's affidavit.

In addition, the parties rely heavily on the transcript of Wilson's EEO hearing as evidentiary support for their positions.  While the sworn testimony in an

EEO proceeding may be used for impeachment purposes, neither of the parties in this matter has cited case law that allows testimony at an EEO hearing to be used as evidentiary support for its case in chief. Moreover, Wilson asserts in her first EEO complaint, dated June 4, 2013, at issue in this case that she was subjected to retaliation for her EEO activity. But the record is unclear what EEO activity Wilson alleges she engaged in that is the subject of that EEO complaint. In sum, the record in this case as it stands does not present a clear picture of Wilson's claims or of the VA's grounds for summary judgment.

There is a strong judicial preference that cases should be adjudicated on the merits. Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). Wilson is now represented by counsel. In order to prevent prejudice to Wilson or the VA I find that additional limited discovery needs to be conducted in this matter. I will allow the VA to depose Wilson and if Wilson fails to appear at the deposition she will be subject to sanctions. I emphasize that any additional discovery will be limited in order to reach a final disposition of the case whether through motion practice or a trial.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Robert Wilkie, Secretary for the Department of Veterans Affairs, motion for summary judgment [36] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED that** Defendant shall take Plaintiff's

deposition no later than **September 20, 2019**.

      **IT IS FURTHER ORDERED that** a status conference will be held in this

matter on **September 25, 2019 at 11:00 a.m.** in Courtroom 16 South.


_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 16th day of August, 2019.